ALLEN, Acting Chief Judge
(specially concurring).
While I concur in the decision of Judge HALL and its rationale, under the peculiar circumstances of this case I deem it necessary to amplify the facts for the guidance of the chancellor inasmuch as the cause is to be remanded for further proceedings.
Plaintiff sold certain equipment to defendant for $15,000. The sum of $1,500 was paid in cash and the balance was evidenced by two notes of $2,500 and $11,000, respectively, secured by a chattel mortgage.
Thereafter, the indebtedness being in default, the parties agreed to an adjusted indebtedness of $4,050. When defendant failed to pay said adjusted amount, plaintiff, *706 after making demand, brought suit to foreclose the chattel mortgage for $4,050 plus interest, attorneys’ fees and costs as provided in the notes and mortgage.
In the amended complaint, plaintiff states that the necessity for adjusting the mortgage indebtedness down to $4,050 was occasioned by defendant’s inability to make payments and that said adjustment was accomplished by both plaintiff and defendant selling off some of the inventory that was included in the original sale.
In the answer, defendant admits that the indebtedness was adjusted to $4,050 but ascribes different reasons therefor which it contends rendered said adjustment a novation vitiating in toto the original two notes and the mortgage securing them. These reasons are that plaintiff did not make delivery of equipment in the quality and quantity called for in the original sale and that some of the items purportedly sold to defendant by plaintiff were not the property of the plaintiff. Defendant further averred that the adjusted amount owing on the equipment was agreed on by the parties as a result of negotiations amounting to a new contract which extinguished the previous contract evidenced by the aforementioned two notes and mortgage and further provided for purchase of equipment by defendant from plaintiff of newly determined quantity and quality.
Defendant’s president testified in his deposition that the amount owing was $4,050 as prayed for in the complaint, so in this regard the parties are agreed. By its plea of novation, however, defendant seeks to avoid the provision in the notes and mortgage for 8% interest and attorneys’ fees. In the prayer of its answer, defendant asked that the complaint be dismissed, or, in the alternative, that the cause be transferred to law as an action in debt.
In this'case defendant’s plea of novation, in effect, challenges the jurisdiction of the equity court to try the dispute, for if this plea ultimately prevails there would be no valid mortgage on which to predicate equity’s foreclosure jurisdiction.
There only appears to be one disputed fact issue and this has been determined not to involve the amount of the indebtedness. Said issue springs from the varied reasons ascribed by the respective parties for reducing the amount owed on the original sale contract.
Under plaintiff’s version (defendant’s inability to make payments) it is perhaps true that no novation took place and that the adjustment of the indebtedness down to $4,050 amounted to no more than a partial satisfaction of the mortgage with said amount continuing to be due thereunder.
Under defendant’s version, however, (plaintiff’s failure to perform as called for hy original agreement) a novation in respect to the sale contract could have, in fact, taken place.
From the two foregoing paragraphs it appears that there is an issue of fact on the issue of novation which, under the circumstances of this case, challenges the jurisdiction of the lower court.
By way of speculation, assuming a novation arguendo, the parties may well have agreed to leave the existing notes and mortgage as security for the newly agreed on indebtedness. If, as defendant contends, a new contract of sale of chattels of varied quantity and quality from the original contract took place, it is reasonable to assume that plaintiff vendor would have desired the same type of security that he bargained for in the original sale. That no new note and mortgage were drawn up at least raises an inference that the parties intended the original notes and mortgage to stand over as security for the second transaction. This inference would be a fairly strong one were evidence adduced to show that the items actually received by defendant, after the purported novation, were still accurately described by portions of the inventory attached to the note and mortgage, notwithstanding that said items may have been of *707 different “quality and quantity” that contemplated in the original sale agreement.
It does not appear, however, that such considerations were properly before the chancellor and that material issues remain unresolved in the instant cause going to both the fact and effect of a novation.
In view of the foregoing, I concur in the opinion of the majority and the conclusions of law contained therein.